```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

```
JACOB ALLEN BROOKS,              :

      Petitioner,                :
                                       CIVIL ACTION 14-0513-CG-M
v.                               :
                                       CRIMINAL ACTION 11-00157-CG-M
UNITED STATES OF AMERICA,        :

      Respondent.                :
```

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 52)[1] and Respondent's Motion to Dismiss (Doc. 56).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 56) be granted, that Petitioner's Motion to Vacate (Doc. 52) be denied, that this action be dismissed, and that judgment be entered in favor of

---

[1] The pleading was titled "Motion to Re-Open or Other Appropriate Remedy" (Doc. 52); U.S. District Judge Granade characterized it as a Motion to Vacate (Doc. 53) as there was no objection by Brooks.

1

Respondent, the United States of America, and against Petitioner Jacob Allen Brooks.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Brooks was indicted on May 26, 2011 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1).  On July 8, Petitioner filed a Notice of Intent to Plead Guilty (Doc. 14).  On October 17, Judge Granade sentenced Petitioner to fifteen years on the conviction as well as five years of supervised release following his prison term, and an assessment of one hundred dollars (*see* Doc. 27).

Represented by new counsel, Brooks appealed his conviction (Docs. 29, 33) but, on June 12, 2012, it was affirmed by the Eleventh Circuit Court of Appeals (Doc. 49).  The Judgment was entered as Mandate a month later (*see* Doc. 50).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on July 25, 2014[2] in which he asserts that a change has occurred in the law that requires his resentencing (Doc. 52).  On January 6, 2015, the Government filed a Motion to Dismiss (Doc. 56) to which Brooks

---

[2] Under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

has replied (Doc. 58).

The Court notes Respondent's argument that this action should be dismissed because his Motion was not filed within the one-year statute of limitations period (Doc. 56, pp. 1-2). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

>     governmental action;
>
>     (3) the date on which the right
>     asserted was initially recognized by
>     the Supreme Court, if that right has
>     been newly recognized by the Supreme
>     Court and made retroactively applicable
>     to cases on collateral review; or
>
>     (4) the date on which the facts
>     supporting the claim or claims
>     presented could have been discovered
>     through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on September 10, 2012 when Brooks's time to seek *certiorari* in the U.S. Supreme Court. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Petitioner's Motion to Vacate was filed on July 25, 2014 (Doc. 52), so it was not filed within the one-year limitations period and is barred by AEDPA.

Brooks, however, asserts that his claim only came into being with the U.S. Supreme Court's decision, in *Descamps v. United States*, --- U.S. ---, 133 S.Ct. 2276 (2013), entered on

June 20, 2013 (Doc. 52).  Petitioner seeks admission to this Court through subsection (3) of § 2255(f) in which the AEDPA clock begins running "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review."

In *Descamps*, the Supreme Court held that courts may not use the "modified categorical approach" to sentencing a defendant under the Armed Career Criminal Act when the statute under which the defendant was convicted was made up of a single, indivisible set of elements.  *Descamps*, 133 S.Ct. at 2283.  The *Descamps* Court determined that the enhancement of Descamps' conviction, based on such a conviction, was improper.

This Court has previously reviewed the *Descamps* decision and found that it did not establish a new rule of law.  *Adams v. United States*, 2014 WL 2993785, *3 (S.D. Ala. July 3, 2014).  Furthermore, the Court notes that the Supreme Court, in *Descamps*, failed to make its decision retroactive as required.  *Id.*  So Brooks fails to meet either prong of 2255(f)(3).  As such, *Descamps* is inapplicable here; Brooks's petition is barred by the statue of limitations.

Petitioner has raised one claim in this petition.  However, as AEDPA bars its consideration, it is recommended that the petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Brooks did not timely file this petition, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Respondent's Motion to Dismiss be granted (Doc. 56), that Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (Doc. 52) be denied, and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Jacob Allen Brooks.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 23rd day of March, 2015.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE